UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MELINDA BRELAND | CIVIL ACTION |
| VERSUS | NO. 16-30 |
| WOODHOUSE DAY SPA ET AL. | SECTION "H" (2) |

## REPORT AND RECOMMENDATION

This Title VII employment discrimination case was filed by plaintiff Melinda Breland, through her counsel, on January 4, 2016 and automatically referred to a United States Magistrate Judge. Local Rule 73.2 (C). Record Doc. No. 1.

One defendant, WoodHouse SPAS Corporation, has filed a motion to dismiss plaintiff's claims against it for lack of subject matter jurisdiction, lack of personal jurisdiction and failure to state a claim upon which relief can be granted. In the alternative, Woodhouse SPAS Corporation has moved for a more definite statement under Rule 12(e). Record Doc. No. 21. Plaintiff's counsel filed a "Response of No Opposition" which states that plaintiff "does not oppose Woodhouse Day Spa's Motion to Dismiss Woodhouse Day Spa, and Plaintiff withdraws her complaint as to Woodhouse Day Spa." Record Doc. No. 42. Woodhouse SPAS Corporation requested and was granted leave to file a reply, clarifying that "its name is WoodHouse SPAS Corporation, NOT Woodhouse Day Spa Corporation or Woodhouse Day Spa." Record Doc. Nos. 43, 46-47. Having considered the record, the applicable law and the written submissions of counsel, **IT IS RECOMMENDED** that defendant's motion to dismiss be **GRANTED** and that defendant WoodHouse SPAS Corporation be DISMISSED WITH PREJUDICE.

## RECOMMENDATION

**IT IS RECOMMENDED** that the motion of defendant WoodHouse SPAS Corporation to dismiss plaintiff's claims against it, Record Doc. No. 21, be GRANTED and that plaintiff's claims against WoodHouse SPAS Corporation, incorrectly named in the complaint as Woodhouse Day Spa Corporation or Woodhouse Day Spa, be DISMISSED WITH PREJUDICE as unopposed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___20th___ day of April, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.